# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Georgia Jean Saavedra

**Case Number:** 04-10318

### Document Information

**Description:** Order Overruling [32-1] Objection To Exemptions by Philip J. Montoya.

**Received on:** 2005-06-06 10:37:49.000

**Date Filed:** 2005-06-06 00:00:00.000

**Date Entered On Docket:** 2005-06-06 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: GENE SAAVEDRA and
GEORGIA SAAVEDRA,

No. 7-04-10318 MA

Debtors.

**ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS**

THIS MATTER is before the Court on the Chapter 7 Trustee's Objection to the Debtors' Amended Claim of Exemption ("Objection to Exemption"). The Court held a final hearing on the Objection to Exemption and took the matter under advisement. Debtors claim a homestead exemption in the amount of $60,000.00 in a residence that Gene Saavedra acquired as his sole and separate property as a gift from his aunt in 1993. At issue is whether the Debtors' residence has been transmuted into community property such that both Debtors are entitled to claim the homestead exemption amount of $30,000.00, for a total claimed exemption in the amount of $60,000.00 in accordance with N.M.S.A. 1978 § 42-10-9 (Cum. Supp. 2003). Because the uncontroverted testimony supports a finding that the property has been transmuted into community property, the Court will overrule the Trustee's objection and allow the Debtors' claimed exemption.

DISCUSSION

Whether separate property has been transmuted into community property is predicated on the grantor's intent. *Macias v. Macias,* 126 N.M. 303, 308, 968 P.2d 814, 819 (Ct. App. 1998) ("Our courts have made clear for some time that transmutation requires evidence of intent on the part of the grantor spouse."). *See also, Blake v. Blake,* 102 N.M. 354, 367, 695 P.2d 838, 851 (Ct.App. 1985) (finding that wife failed to establish a transmutation where husband testified that he never intended to make a gift of any interest in the property to wife). The proponent bears the burden of proving

transmutation into community property by clear and convincing evidence; a preponderance of evidence is insufficient. *Nichols v. Nichols,* 98 N.M. 322, 327, 648 P.2d 780, 785 (1982) ("a party must prove the transmutation of the separate property into community property by clear and convincing evidence.") (citing *Corley v. Corley,* 92 N.M. 716, 594 P.2d 1172 (1979)). Unless the grantor intends to make a gift or transfer of his or her separate property to his or her spouse that would create a community property interest in both spouses, there has been no transmutation, and character of the property remains separate. *Swink v. Fingado,* 115 N.M. 275, 292, 850 P.2d 978, 995 (1993) (noting that "[i]t is well settled that when a spouse merely places his or her separate property into joint tenancy with the other spouse, without an intention to make a gift or otherwise transmute the separate property . . . the property retains its character as separate property.") (citing *LeClert v. LeClert,* 80 N.M. 235, 237, 453 P.2d 755, 757 (1969)).

There is no dispute that Gene Saavedra received the property as a gift from his aunt by warranty deed in 1993 as his separate property. *See* N.M.S.A. 1978 § 40-3-8A.(4) (separate property includes "property acquired by either spouse by gift, bequest, devise or descent"); *In re Trimble's Estate,* 57 N.M. 51, 53, 253 P.2d 805, 807 (1953) ("In New Mexico, property which is owned by either spouse before marriage, or acquired thereafter by gift . . . is his or her separate property."). At that time, Gene Saavedra was married to Georgia Jean Saavedra. Concepcion Montoya, Gene Saavedra's aunt, was aware that Gene and Georgia Jean Saavedra were married. Indeed, Gene and Georgia Jean Saavedra lived with Concepcion Montoya in the property and cared for Ms. Montoya when her health was failing. Although no deed was ever prepared to convey the property from Gene Saavedra to Gene Saavedra and Georgia Jean Saavedra as community property,

2

Gene Saavedra testified that he always intended that the property be held as community property with his wife. When the Debtors obtained a loan and granted a mortgage against the property in 1995, both Gene Saavedra and Georgia Jean Saavedra executed the mortgage. The Debtors made payments on the mortgage, for homeowner's insurance, and for property taxes from their joint checking account. *See* Exhibits E, F, and G. The homeowner's insurance reflects both Gene Saavedra and Jean G. Saavedra as insureds. *See* Exhibit C. In a previous bankruptcy proceeding, the Debtors listed the property as joint property, and both claimed a homestead exemption in the property. *See* Case No. 7-97-13887 MA.

While "a mortgage may be *evidence* of . . . intent to transmute, . . . it 'is not conclusive and is not, by itself substantial evidence . . . of intent to transmute.'" *Macias,* 126 N.M. at 308, 968 P.2d at 819 (quoting *Nichols,* 98 N.M. at 328, 648 P.2d at 786). Nevertheless, factors such as the granting of a joint mortgage on the home to secure a loan to the community, and the use of community funds to pay the mortgage, pay taxes, and pay for upkeep may be considered collectively as evidence of an intent to transmute separate property into community property, though the existence of any one factor alone is likely insufficient. *Id.*

Here, Debtor testified that he always intended for the property to be held as community property with his wife, and Georgia Jean Saavedra testified that she and her husband had talked about it. This testimony is uncontroverted, and is further supported by the fact that the Debtors together granted a mortgage on the property and used community funds to pay the mortgage, property taxes and homeowner's insurance, and by the fact that the Debtors listed this property as joint property in a prior bankruptcy. This evidence considered collectively indicates that Gene Saavedra intended to transmute

3

the property he received from his aunt into community property. The Court, therefore, concludes that the property has been transmuted into community property.

WHEREFORE, IT IS HEREBY ORDERED, that the Trustee's Objection to the Debtors' Amended Claim of Exemption is OVERRULED. The Debtors' homestead exemption in the total amount of $60,000.00 is hereby allowed. The Debtors' residence located at 512 Hannah, Socorro, New Mexico is held as the community property of Gene Saavedra and Georgia Jean Saavedra.

*/s/ Mark B. McFeeley*
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Stephen C.M. Long
Attorney for Debtors
2501 Yale Blvd. SE, Suite 204
Albuquerque, NM 87106

Bonnie Gandarilla
Attorney for Philip J. Montoya, Chapter 7 Trustee
PO Box 216
Albuquerque, NM 87103 -0216

*/s/ Patti G. Hennessy*
Patti G. Hennessy
Law Clerk
(505) 348-2545

4